UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
OFF STAGE PRODUCTIONS, INC., GIPSY KINGS,    Docket No.: 04 CV 06065 (JES)
INC. and NICHOLAS REYES, PAUL REYES,
FRANCOIS CANUTE REYES, ANDRE REYES,
MAURICE BALIARDO, JACQUES BALIARDO,    **ANSWER and**
and TONINO BALIARDO professionally known    **AFFIRMATIVE DEFENSES**
as the "GIPSY KINGS",    **OF DEFENDANTS**
   **LE JAZZ AU BAR, INC. and**
   Plaintiffs,    **ABC COMPANY d/b/a**
   **LE JAZZ AU BAR**
   -against-

PHILLIPE BOURGUES a/k/a MANOLO, JOSEPH
CORTES a/k/a LITO, LE JAZZ AUBAR, INC., ABC
Company d/b/a LE JAZZ AUBAR, CIAO INC., XYZ
Company d/b/a CIAO,

   Defendants.
-------------------------------------------------------------------x

   Defendants, Le Jazz Au Bar, Inc. and ABC Company d/b/a Le Jazz Au Bar (hereinafter "Defendants"), by their attorney Barry A. Wadler answer the complaint as follows:

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6. Defendants deny the allegations of paragraph 6, except state that Very, Ltd. is a New York Corporation with its principal place of business located at 41 East 58th Street, New York, NY 10022 and does business as "Le Jazz Au Bar".

7. Defendants deny the allegations of paragraph 7, except state that Very, Ltd. is a New York Corporation with its principal place of business located at 41 East 58th Street, New York, NY 10022 and does business as "Le Jazz Au Bar".

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11. Defendants deny the allegations of paragraph 11, except admit that the action arises under the Lanham Act.

12. Defendants deny the allegations of paragraph 12.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21(a) and (b) and deny the allegations of paragraph 21(c) and (d).

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22.

23. Defendants deny the allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24.

25. Defendants incorporate by reference the responses to all preceding paragraphs.

26. Defendants deny the allegations of paragraph 26 except admit that the claim arises under the Lanham Act.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30. Defendants deny the allegations of paragraph 30.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

32. Defendants deny the allegations of paragraph 32.

33. Defendants deny the allegations of paragraph 33.

34. Defendants incorporate by reference the responses to all preceding paragraphs.

35. Defendants admit that the action arises under the Lanham Act.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37.

38. Defendants deny the allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

41. Defendants incorporate by reference the responses to all preceding paragraphs.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47.

48. Defendants deny the allegations of paragraph 48.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49.

50. Defendants incorporate by reference the responses to all preceding paragraphs.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51.

52. Defendants deny the allegations of paragraph 52.

53. Defendants deny the allegations of paragraph 53.

54. Defendants incorporate by reference the responses to all preceding paragraphs.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58.

59. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59.

60. Defendants incorporate by reference the responses to all preceding paragraphs.

61. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61.

62. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62.

63. Defendants deny the allegations of paragraph 63.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64.

## FIRST AFFIRMATIVE DEFENSE

1. To the extent that the Defendants may have used the name or term "Gypsy Kings", said use was accidental, inadvertent and unintentional, was used only for a short period of time (less than two (2) days) and was discontinued immediately as soon as it was brought to Defendants' attention that such use may have been in violation of the rights of any third parties.

2. By reason of the foregoing any alleged wrongful conduct on the part of the Defendants did not cause harm to plaintiffs.

## SECOND AFFIRMATIVE DEFENSE

1. Defendants offered to enter into a consent injunction with plaintiffs prohibiting any future unauthorized use of the name Gypsy Kings by Defendants.

2. Plaintiffs declined or did not accept Defendants' offer.

3. By reason of the foregoing, plaintiffs are engaging in unnecessary litigation.

## REQUEST FOR JURY TRIAL

The Defendants request a trial by jury on all issues so triable as of right by a jury.

WHEREFORE Defendants, Le Jazz Au Bar, Inc. and ABC Company d/b/a Le Jazz Au Bar demand judgment dismissing the complaint together with costs and disbursements and attorneys fees.

Dated: September 13, 2004

                                                s/   Barry A. Wadler
                                                Barry A. Wadler (BW5495)
                                                Attorney for Defendants
                                                Le Jazz Au Bar, Inc. and Le Jazz Au Bar
                                                630 Third Avenue - 7th Floor
                                                New York, NY 10017-6705
                                                (212) 687-5911

TO:    Goodkind Labaton Rudolff & Sucharow, LLP
          Attorneys for Plaintiffs
          100 Park Avenue
          New York, NY 10017
          (212) 907-0700

## **CERTIFICATION OF SERVICE**

      I hereby certify that the within Answer and Affirmative Defenses of the Defendants, Le Jazz Au Bar, Inc. and ABC Company d/b/a Le Jazz Au Bar, were served by regular mail on September 13, 2004 on the following:

Goodkind Labaton Rudolff & Sucharow, LLP
100 Park Avenue
New York, NY 10017


                                                                 s/      Barry A. Wadler
                                                                 Barry A. Wadler (BW5495)


Dated: September 13, 2004


A:\Off Stage Answer.wpd