UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

OFF STAGE PRODUCTIONS, INC., GIPSY KINGS,    :
INC. and NICHOLAS REYES, PAUL REYES,         :
FRANCOIS CANUTE REYES, ANDRE REYES,          :
MAURICE BALIARDO, JACQUES BALIARDO, and      :
TONINO BALIARDO professionally known as the  :
"GIPSY KINGS",                               :
                                             :    **AMENDED**
                 Plaintiffs,                 :    **COMPLAINT**
                                             :
        - against -                          :
                                             :
PHILLIPE BOURGUES a/k/a MANOLO, JOSEPH        :
CORTES a/k/a LITO, VERY, Ltd. d/b/a LE JAZZ AU :
BAR, EX REPLAY, INC. d/b/a CIAO,             :
                                             :
                 Defendants.                 :
                                             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    Plaintiffs OFF STAGE PRODUCTIONS, INC., Nicholas Reyes, Paul Reyes, Francois

Canute Reyes, Andre Reyes, Maurice Baliardo, Jacques Baliardo, and Tonino Baliardo for their

First Amended Complaint against the Defendants respectfully allege as follows:

    1.    Gipsy Kings, Inc. ("GKI") is a corporation organized and existing under the laws

of the State of Delaware with its principal place of business located at c/o Wlodinguer Erk &

Chanzis, 22 West 21st Street, 9th Floor, New York, New York 10010.

    2.    OFF STAGE PRODUCTIONS, INC. ("Off Stage") is a corporation organized

and existing under the laws of the State of Delaware, with its principal place of business located

c/o Wlodinguer Erk & Chanzis, 22 West 21st Street, 9th Floor, New York, New York 10010,

and is the owner of all right, title and interest in the United States in and to the name and mark

"Gipsy Kings."

3.     NICHOLAS REYES, PAUL REYES, FRANCOIS CANUTE REYES, ANDRE REYES, MAURICE BALIARDO, JACQUES BALIARDO, PATCHAI and TONINO BALIARDO (collectively referred to as the "Gipsy Kings Members") are residents and citizens of France and comprise the music performing group professionally known as the Gipsy Kings.

4.     Upon information and belief, Defendant PHILLIPS BOURGUES who uses the stage name Manolo ("Manolo"), has submitted himself to the jurisdiction of the Courts of the State of New York by committing a tortious act within the State of New York as is more fully set forth below and upon information and belief is doing business as Manolito, with an address at 2895 Biscayne Blvd., suite 500, Miami, Fla., 33137.

5.     Upon information and belief, Defendant JOSEPH CORTES, who uses the stage name Lito ("Lito"), has submitted himself to the jurisdiction of the Courts of the State of New York by committing a tortious act within the State of New York as is more fully set forth below and upon information and belief is doing business as Manolito, with an address at 2895 Biscayne Blvd., suite 500, Miami, Fla., 33137.  Manolo and Lito are collectively referred to herein as the "Fake Gypsy Defendants."

6.     Upon information and belief, Defendant Very, Ltd. is a New York corporation with its principal place of business located at 41 East 58th Street, New York, New York, 10022 and does business as Le Jazz Au Bar and regularly does business and transacts business in the County and State of New York ("Au Bar").

7.     Upon information and belief Ex Replay Inc. is a New York corporation with its principal place of business located at 150 Spring Street, New York, New York 10012 and is doing business as Ciao and regularly does business and transacts business in the county and state of New York ("Ciao").

8.    Manolo, Lito, Au Bar and Ciao are hereinafter collectively referred to as "Defendants."

## JURISDICTION AND VENUE

9.    This action arises under the Lanham Trademark Act (15 U.S.C. § 1501 et seq.), (the "Lanham Act") and the common law of the State of New York.  The conduct of Defendants constitutes an infringement of trademark and servicemark; false and deceptive trade practices, unfair competition and unjust enrichment, all on the part of Defendants and to the detriment of the Plaintiffs.

10.    This Court has federal question and diversity jurisdiction of this action under 28 U.S.C. §§ 1331 and 1332, in that this action is founded upon an Act of Congress, i.e., the Lanham Act; there exists complete diversity of citizenship between the parties; the amount in controversy exceeds the sum of seventy five ($75,000.00) dollars, exclusive of interest and costs and the Court further has pendant jurisdiction over the state claim asserted.

## BACKGROUND

11.    The musical group "Gipsy Kings" formed in 1982 in southern France.  Since 1987, the date of the release in France of the record album entitled "Gipsy Kings," the Gipsy Kings have enjoyed and continue to enjoy substantial critical, commercial and economic success in all phases of the entertainment industry.

12.    Since 1988 the Gipsy Kings have commercially exploited the name and mark "Gipsy Kings" in the United States, through the following means:

(a)    a licensing agreement by which Elektra Records ("Elektra"), and later Nonesuch Records, released in the United States the Gipsy Kings' recorded performance of the album entitled "Gipsy Kings" and seven (7) subsequent Gipsy Kings albums, i.e., "Mosaique,"

"Allegria," "Este Mundo," "Gipsy Kings - Live," "Love & Liberte," "Best of the Gipsy Kings" and "Tierra Gitana;"

        (b)    a "tour" merchandising agreement, dated June 4, 1991, with Winterland Production, Inc.;

        (c)    a "retail" merchandising agreement, dated June 4, 1992, with Winterland Productions, Inc.;

        (d)    the release by Elektra of a "home" video entitled "Gipsy Kings U.S. Tour 90;"

        (e)    a "sponsor" agreement on behalf of the Gipsy Kings in 1989 with LA Gear;

        (f)    the participation of the Gipsy Kings in a home video produced and distributed by Walt Disney Studios entitled "Simply Mad About The Mouse;"

        (g)    ten (10) United States concert tours which have grossed substantial revenue;

        (h)    an appearance at the World Cup Finals in Los Angeles in 1995;

        (i)    the broadcast by Public Broadcasting System of a documentary on the Gipsy Kings entitled "Tierra Gitana;"

        (j)    three (3) Grammy nominations (Category - Best World Music, 1997, 1993, 1992), an MTV award for "Best Foreign Video" (1992) and the Univision award for "Best Latin Artist" (1991); and

        (k)    The Gipsy Kings recently performed in New York, New York, at Radio City Music Hall on July 26, 2004.

13.    By reason of the above and the efforts of all the individual Gipsy Kings, considerable good will exists in the name and mark "Gipsy Kings."

14.    Prior to the filing of this Complaint, Maurice "Diego" Baliardo, Tonino Baliardo, Paco Baliardo, Andre Reyes, Paul Reyes, Nicholas Reyes, all the present members of the "Gipsy Kings" and the Six Gipsy Kings Limited, a Gibraltar company owned and operated by the individual members of the Gipsy Kings, assigned all their right, title and interest in and to the name and mark "Gipsy Kings" for the United States to Plaintiff Off Stage.

15.    Plaintiff Off Stage, is the assignee of the trademark and servicemark "Gipsy Kings" from Re-do, Inc., a Delaware corporation.  Prior to the filing of this complaint.  The trademark and servicemark "Gipsy Kings" was filed with the United States Patent and Trademark Office, Registration No. 2,051,746.  (A copy of the Trademark Registration is annexed hereto as Exhibit "A" and made a part hereof.)  (A copy of the Trademark Assignment from Re-do, Inc. as assignor to Off Stage, assignee, is annexed hereto as Exhibit "B" and made a part hereof.)

**Prior Proceedings**

16.    On or about August 21, 1997, plaintiffs GKI and the Gipsy Kings Members filed a Complaint in the Southern District of New York against Defendants Manolo and Lito alleging claims identical to those set forth herein arising from Manolo and Lito's promotion and advertisement of concert performances to be that of the musical group "Gipsy Kings" and/or the "Gypsie Kings" and for performing concerts as the "Gipsy Kings" and/or the "Gypsie Kings" at Le Bistro Maximo Restaurant in New York, New York, at The Southampton Tavern in Southampton, New York and at M-80 in Southampton, New York (the "Prior Action").

17.    As a result of the Prior Action and to resolve the Prior Action, on or about March 6, 1998, GKI and the Gipsy Kings Members entered into a Stipulation of Settlement with

Manolo and Lito (among others) pursuant to which GKI and the Gipsy Kings Members agreed to discontinue the Prior Action as against Manolo and Lito upon the representation and condition of Manolo and Lito that they would, among other things refrain from:

(a)    using, reproducing, advertising or promoting the Plaintiffs' name and mark in connection with the offer or sale of any goods, the rendering of any services or any commercial activities;

(b)    using, reproducing, advertising or promoting any mark or name which is confusingly similar to, or a colorable imitation of Plaintiffs' GIPSY KINGS name and mark in connection with the offer or sale of any goofs, the rendering of any services or any commercial activities;

(c)    using, reproducing, advertising or promoting the Plaintiffs' name and mark which may be calculated to represent or which has the effect of representing that the products or services of Defendants or any other person are sponsored by, authorized by or in some way associated with plaintiff GIPSY KINGS, INC., or the individual plaintiffs jointly professionally known as the GIPSY KINGS;

(d)    injuring the commercial reputation, renown, and goodwill of GIPSY KINGS, INC. or the mark GIPSY KINGS;

(e)    using or reproducing any word, term, name, symbol or device or any combination thereof, on any product or in connection with any service which confuses or falsely represents or misleads, or which has the effect of confusing, falsely representing or misleading, that the products or services or activities of Defendants or another is in some way connected with plaintiff GIPSY KINGS, INC. or is sponsored, approved or licensed by plaintiff GIPSY KINGS, INC.

(f)    otherwise unfairly competing with plaintiff GIPSY KINGS, INC., or the individual plaintiffs professionally known as the GIPSY KINGS;

(g)    selling or promoting concert performance services of Defendants to be those of the "Gipsy Kings" and/or the "Gipsie Kings";

(h)    offering the concert performance services of others to be that of the "Gipsy Kings" and/or the "Gipsie Kings"; and

(i)    performing or promoting the performance of Manolo, Lito, Frias or others as the "Gipsy Kings" and/or the "Gipsie Kings."

(j)    A copy of the Stipulation of Settlement is attached hereto as Exhibit "C" and made a part hereof and is hereinafter referred to as the "Stipulation".

18.    Neither Off Stage, GKI nor any of the Gipsy Kings Members has authorized any of the Defendants to, in any way, commercially exploit the mark "Gipsy Kings."

## RECENT WRONGDOING

19.    The Defendants herein have wrongfully utilized the name and mark "Gipsy Kings," have infringed the mark and continue to infringe the mark as follows:

(a)    commencing during March 2004, the Fake Gipsy Defendants promoted and advertised concert performances of Manolo and Lito taking place at Domenico's Restaurant on March 24, 2004, to be that of the musical group the "Gipsy Kings" and/or the "Gypsie Kings" and/or the "Gipsie Kings"; and

(b)    commencing during May 2004, the Fake Gipsy Defendants and Ciao promoted and advertised current performances of Manolo and Lito taking place at Ciao on May 19, 2004 to be that of the musical group the "Gipsy Kings" and/or the "Gypsie Kings" and/or the "Gipsie Kings"; and

(c)    commencing during May 2004 the Fake Gipsy Defendants and Au Bar promoted and advertised concert performances of Manolo and Lito taking place at Au Bar on May 20, 2004 to be that of the musical group the "Gipsy Kings" and/or the "Gypsie Kings" and/or the "Gipsie Kings"; and

(d)    During May 19 and 20, 2004, Manolo and Lito performed concerts in the Southern District of New York as the "Gipsy Kings" and/or the "Gypsie Kings" and/or the "Gipsie Kings" at Ciao and Au Bar.

20.    The above activity by Defendants is without the permission or authority of Plaintiffs.

21.    The above activity by Defendants results in irreparable harm and injury to the Plaintiffs in that, among other things: (i) it deprives Plaintiffs of the absolute right to determine the manner in which the name "Gipsy Kings" is represented to the general public, (ii) it unlawfully exploits the commercial value that the Plaintiffs have developed in the mark, (iii) to the extent that the concert performances of Defendants Manolo and Lito are of inferior quality, it irreparably harms and injures the reputations of Plaintiff, because the public is unaware that the concert performances did not originate with the individual members of the Gipsy Kings, and (iv) it deprives Plaintiffs of profits to which Plaintiffs would otherwise be entitled by reason of said concert performances.

22.    The Plaintiffs have notified Defendant Au bar that it had no right to use the name and mark "Gipsy Kings" as follows:

On or about May 20, 2004, the Plaintiffs caused a letter to be sent to Au Bar demanding that Au Bar discontinue billing Manolo and Lito's performances as the "Gipsy Kings" and/or the

"Gypsie Kings" and to cancel all scheduled performances of Manolo and Lito previously billed that way.

## CLAIM I

## LANHAM ACT 15 U.S.C. § 1125(a)

23.     Plaintiffs hereby incorporate by reference as if fully set forth, the allegations of all preceding paragraphs.

24.     This claim arises under Section 43(a) of the Lanham Act relating to trademarks, trade names and unfair competition (15 U.S.C. § 1125(a)), and involves false designations of origin and false designations in commerce.

25.     The name and mark "Gipsy Kings" has been sold, distributed and advertised widely throughout the United States, in connection with the sale of music recordings and videotapes and live concert performances.  As a result of said sales, distribution and advertisement, as well as by the means referenced in paragraph 12 supra, the name the "Gipsy Kings" and the individual members thereof have developed and now have a secondary and distinctive meaning to purchasers of goods and services including, but not limited to, those who attend Gipsy Kings concert performances and those who purchase recordings of the Gipsy Kings.

26.     The concert performance services of Manolo and Lito billed as, the "Gipsy Kings" and/or the "Gypsie Kings" and/or the "Gipsie Kings" is so related to the concert performance services of the real Gipsy Kings that the former's concert performances billed as the "Gipsy Kings" and/or the "Gypsie Kings" and/or the "Gipsie Kings" are likely to cause and has caused confusion as to the source of such services.

27.     The concert performances of Manolo and Lito as the "Gipsy Kings" and/or the "Gypsie Kings" and/or the "Gipsie Kings" are of inferior quality compared to the performances

of the actual members of the Gipsy Kings and the performances by Manolo and Lito as the "Gipsy Kings" and/or the "Gypsie Kings" and/or the "Gipsie Kings" will accordingly be damaging to and will dilute the good will incurred and generated in the name "Gipsy Kings."

28.    The Defendants, by misappropriating and using the mark "Gipsy Kings," will misrepresent and falsely describe to the general public the origin and source of the concert performance services so as to create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of such concert performance services.  Defendants' activities will constitute express and implied misrepresentations that such concerts were created, authorized or approved by the Plaintiffs.

29.    The unauthorized and unlawful sale by the Defendants of concert performance services will impair, or cause the likelihood of impairing, the good will of Plaintiffs.

30.    The aforesaid acts of Defendants are in violation of Section 43(a) of the Lanham Act in that Defendants will use, in connections with services, a false designation of origin.

31.    Plaintiffs have no adequate remedy at law, and if Defendants' activities are not enjoined, will suffer irreparable harm and injury to their image and reputation as a result thereof.

## CLAIM II

## LANHAM ACT 15 U.S.C. § 1114

32.    Plaintiffs hereby incorporate by reference as if fully set forth, the allegations of all preceding Paragraphs.

33.    This claim arises from Section 32 of the Lanhan Act (15 U.S.C. 1114).

34.    Plaintiffs have duly complied with the statutory requirements regarding affixing their registered Gipsy Kings trademark with notice of registration thereof.

35.    Plaintiffs have been and are now using the registered servicemark and trademark and have affixed it to goods, articles, labels and the like intended for and in fact placed into interstate commerce.

36.    As described above, Defendants have and will reproduce, counterfeit, copy or imitate Plaintiffs' marks in connection with and in advertisement for the performances of Manolo and Lito and have and will offer for sale goods bearing a reproduction counterfeit, copy or imitation of Plaintiffs' trademark.  The Defendants have not obtained from any of the Plaintiffs a license to use Plaintiffs' mark in connection with their services or a license to manufacture, distribute or sell goods bearing the Gipsy Kings (Plaintiffs') trademark.

37.    As a result of Defendants' unauthorized use of Plaintiffs' Gipsy Kings trademark, Defendants will infringe Plaintiffs' federal trademark registration.

38.    Plaintiffs have no adequate remedy at law, and if Defendants' activities are not immediately enjoined, they will suffer irreparable harm and injury as a result thereof.

## CLAIM III

### ANTI-DILUTION UNDER
### TITLE 15 U.S.C. § 1125(c)

39.    Plaintiffs hereby incorporate by reference, as if fully set forth, the allegations of all preceding Paragraphs.

40.    This is a claim for trademark infringement and federal dilution under Title 15 U.S.C. § 1125(c).

41.    Plaintiffs' names and marks are individually inherently distinctive and famous, and have been used throughout the United States and this State, and are well known to the trade and members of the purchasing public.  The public associates and identifies such with the Gipsy Kings.

42.    Plaintiffs' names and marks have been continuously used throughout the United States and in interstate commerce since 1988, 16 years.

43.    Plaintiffs' names and marks have been advertised throughout the United States and have received continuous widespread national publicity.

44.    By virtue of the widespread use of such name and marks, said marks became famous prior to Defendants' anticipated use of the marks.

45.    Defendants' use of Plaintiffs' names and marks dilute the distinctive quality associated with goods offered by Plaintiffs.

46.    Upon information and belief, Defendants will willfully intend to trade upon the reputation of Plaintiffs and/or willfully cause dilution of Plaintiffs' names and marks.

47.    Defendants' unauthorized use of trade names and trademarks confusingly similar to the Plaintiffs' names and marks are greatly and irreparably damaging to Plaintiffs in the form of (a) loss of income; (b) dilution; (c) interference with Plaintiffs' ability to exploit their own merchandising rights; and (d) impairment of the goodwill of Plaintiffs; and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs and to the respective business, reputation, and goodwill of Plaintiffs.  Plaintiffs have no adequate remedy at law.

## CLAIM IV

### Unfair Competition

48.    Plaintiffs hereby incorporate by reference, as if fully set forth, the allegations of all preceding paragraphs.

49.    At all times relevant herein, as a result of the artistic and professional success of the "Gipsy Kings" as musical performers and recording artists, the name and mark "Gipsy

Kings" is widely and favorably known throughout the United States, including but not limited to, persons who comprise the market for concert performing services.

50.    Defendants have and will, wrongfully impair the value of the contracts between the Plaintiffs and others relating to "Gipsy Kings" goods and services.  As such, Defendants will unfairly compete with Plaintiffs.

51.    Plaintiffs have no adequate remedy at law, and if Defendants' activities are not enjoined, will suffer irreparable harm and injury as a result thereof.

**CLAIM V**

**<u>Breach of Contract</u>**

52.    Plaintiffs hereby incorporate by reference, as if fully set forth, the allegations of all preceding paragraphs.

53.    On or about March 6, 1998, GKI and the Gipsy Kings Members and Manolo and Lito entered into the Stipulation pursuant to which GKI and the Gipsy Kings Members agreed to discontinue the Prior Action as against, among others, Manolo and Lito upon the representations by Manolo and Lito that they would restrain from:

(a)    using, reproducing, advertising or promoting the Plaintiffs' name and mark in connection with the offer or sale of any goods, the rendering of any services or any commercial activities;

(b)    using, reproducing, advertising or promoting any mark or name which is confusingly similar to, or a colorable imitation of Plaintiffs ' GIPSY KINGS name and mark in connection with the offer or sale of any goods, the rendering of any services or any commercial activities;

13

(c)    using, reproducing, advertising or promoting the Plaintiffs' name and mark which may be calculated to represent or which has the effect of representing that the products or services of Defendants or any other person are sponsored by, authorized by or in some way associated with plaintiff GIPSY KINGS, INC., or the individual plaintiffs jointly professionally known as the GIPSY KINGS;

(d)    injuring the commercial reputation, renown and goodwill of GIPSY KINGS, INC. or the mark GIPSY KINGS;

(e)    using or reproducing any word, term, name, symbol or device or any combination thereof, on any product or in connection with any service which confuses or falsely represents or misleads, or which has the effect or confusing, falsely representing or misleading, that the products or services or activities of Defendants or another is in some way connected with plaintiff GIPSY KINGS, INC. or is sponsored, approved or licensed by plaintiff GIPSY KINGS, INC.

(f)    otherwise unfairly competing with plaintiff GIPSY KINGS, INC. or the individual plaintiffs professionally known as the GIPSY KINGS;

(g)    selling or promoting concert performance services of Defendants to be those of the "Gipsy Kings" and/or the "Gipsie Kings;"

(h)    offering the concert performance services of others to be that of the "Gipsy Kings" and/or the "Gipsie Kings;" and

(i)    performing or promoting the performance of Manolo, Lito, Frias or others as the "Gipsy Kings" and/or the "Gipsie Kings."

See Exhibit "C" annexed hereto.

54.     Manolo and Lito have breached the Stipulation by, among other things, using the name and mark "Gipsy Kings" and/or the "Gypsie Kings" and/or "Gipsie Kings" in connection with concert performances of Manolo and Lito.

55.     Manolo and Lito have breached the Stipulation by, among other things, promoting and advertising Manolo and Lito concert performances as performances of the "Gipsy Kings" and/or the "Gypsie Kings" and/or "Gipsie Kings".

56.     Pursuant to paragraph 4 of the Stipulation, Defendants Manolo and Lito "shall pay the Gipsy Kings the sum of Fifteen Thousand ($15,000) dollars for each such violation."

57.     As a result of Manolo and Lito's breach of the Stipulation, Manolo and Lito should be made to pay the GKI and the Gipsie Kings Members liquidated damages of $15,000.00 for each violation, such amount to be determined at trial, but in no event less than $30,000.00.

## CLAIM VI

### INTENTIONAL TORTIOUS INTERFERENCE WITH EXISTING AND PROSPECTIVE CONTRACTUAL RELATIONS

58.     Plaintiffs hereby incorporate by reference, as if fully set forth, the allegations of all preceding Paragraphs.

59.     The unauthorized and unlawful activities of the Defendants as described above will wrongfully impair the value of the contractual arrangements between Plaintiffs' venues relating to providing the musical performance of the Gipsy Kings.

60.     By reason of the Defendants' acts alleged herein, Plaintiffs are threatened to suffer damage to their business reputation and goodwill and the loss of sales of goods bearing the Gipsy Kings trademark and profits – from such sales as well as loss of performance opportunities and profits therefrom that Plaintiffs would have made but for the Defendants' acts.

61.    Unless the Defendants' acts of misappropriation and unfair competition are immediately restrained and enjoined, Plaintiffs will suffer irrevocable injury in that Defendants' action will:

(a)    lessen and dilute the value of the name and marks of Plaintiffs;

(b)    interfere with the Gipsy Kings Members ability to exploit and market their performances and marks and license such rights by sales to consumers;

(c)    interfere with their ability to exploit their trademark rights;

(d)    create confusion in the marketplace as to the duly authorized source of merchandise bearing the Gipsy Kings marks; and

(e)    deprive Plaintiffs of their just revenues based upon the legal exploitation of their names and trademarks.

62.    It will be impossible to ascertain the amount of compensation which could afford Plaintiffs adequate relief for such threatened continuing acts and Plaintiffs' remedy at law is not adequate.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief

1.    The Court issue a temporary restraining order and preliminary injunction restraining, enjoining and prohibiting each of the Defendants, their officers, directors, agents, employees and/or other individual or entity within their control or supervision from selling or promoting concert performance services of Manolo and Lito to be those of the "Gipsy Kings" and/or the "Gypsie Kings" and/or the "Gipsie Kings."

2.    The Court, after a hearing on the merits, issue a permanent injunction prohibiting the Defendants from offering the concert performance services of others to be that of the "Gipsy Kings" and/or the "Gypsie Kings" and/or the Gipsie Kings".

3.    That Defendants, their agents, and servants be enjoined during the pendency of this action and permanently from infringing the mark "Gipsy Kings" in any manner, and from performing or promoting the performance of Manolo and Lito or others as the "Gipsy Kings" and/or the "Gypsie Kings" and/or the Gipsie Kings."

4.    That Defendants be required to pay to Plaintiffs such damages as Plaintiffs have sustained in consequence of Defendants' infringement of the marks and said unfair trade practices and unfair competition and to account for

(a)    all gains, profits and advantages derived by Defendants by said trade practices and unfair competition; and

(b)    all gains, profits, and advantages derived by Defendants by their infringement of Plaintiffs' marks or such damages as to the court shall appear proper within the provisions of the Lanham Act.

5.    That the Court grant judgment in favor of GKI and the Gipsy Kings Members against Manolo and Lito for breach of the Stipulation, in an amount to be determined at trial but in no event less than $75,000.00.

6.    That the Court grant judgment in favor of Plaintiffs against Defendants for tortious interference of contract in an amount to be determined at trial, but in no event less than $75,000.00.

7.    Treble damages in an amount in excess of One Hundred Thousand Dollars ($100,000).

8.    Triple the amount of damages sustained by Plaintiffs as provided by 15 U.S.C. 1117.

9.    That Defendants pay to Plaintiffs the costs of this action and reasonable attorneys' fees to be allowed to the Plaintiffs by the court provided by 15 U.S.C. 1117; and

10.    That Plaintiffs have such other and further relief as is just and proper.

## REQUEST FOR JURY TRIAL

The Plaintiffs request a trial by jury on all issues so triable as of right by a jury.

Dated: New York, New York
      December 1, 2004

GOODKIND LABATON RUDOFF
& SUCHAROW LLP
Attorneys for Plaintiffs

By: _____

Brian D. Caplan (BC-1713)
Michele C. Cerullo (MC-8481)
100 Park Avenue
New York, New York 10017
(212) 907-0700

611855 v1
[11/9/2004 12:10]

18

**Exhibit A**

Int. Cls.: 9, 25 and 41

Prior U.S. Cls.: 21, 22, 23, 26, 36, 38, 39, 100, 101 and 107

Reg. No. 2,051,746

## United States Patent and Trademark Office

Registered Apr. 15, 1997

### TRADEMARK
### SERVICE MARK
### PRINCIPAL REGISTER

## GIPSY KINGS

RE-DO, INC. (DELAWARE CORPORATION)
C/O WLODINGUER ERKS AND CHANZIS
15 EAST 26TH STREET, SUITE 1802
NEW YORK, NY 10010

FOR: PRE-RECORDED PHONO RECORDS, CASSETTE TAPES, COMPACT DISCS AND VIDEO TAPES IN THE AREA OF MUSIC, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-1-1986; IN COMMERCE 11-14-1988.

FOR: CLOTHING; NAMELY, T-SHIRTS, SWEATSHIRTS, VESTS, SWEATERS, JACKETS, HEADGEAR, BELTS, SCARVES, BAN-DANNAS AND PANTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-5-1988; IN COMMERCE 12-5-1988.

FOR: ENTERTAINMENT SERVICES IN THE FORM OF CONCERTS AND LIVE MUSICAL PERFORMANCES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 12-17-1987; IN COMMERCE 7-13-1988.

SER. NO. 74-367,800. FILED 3-15-1993.

CRAIG D. TAYLOR, EXAMINING ATTORNEY

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

## COMBINED AFFIDAVIT OF USE AND INCONTESTABILITY OF A MARK UNDER SECTIONS 8 & 15 WITH DECLARATION AND POWER OF ATTORNEY

MARK: GIPSY KINGS
REG. NO.: 2,051,746
CLASS NOS.: 9, 25 and 41

TO THE COMMISSIONER OF PATENTS AND TRADEMARKS:

Registrant, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of this document, declares that Registrant, Off Stage Productions Inc., owns the above identified registration issued on April 15, 1997, as shown by the records of the U.S. Patent and Trademark Office; and that the mark shown therein has been in continuous use in interstate commerce for five consecutive years from the date of the registration or the date of publication under Section 12(c) to the present, on or in connection with each of the following:

Pre-recorded phono records, cassette tapes, compact discs and video tapes in the area of music in Class 9

Clothing; namely, T-shirts, sweatshirts, vests, sweaters, jackets, headgear, belts, scarves, bandannas and pants in Class 25

Entertainment services in the form of concerts and live musical performances in Class 41

which is stated in the registration; that such mark is still in use in interstate commerce; that such mark is still in use as evidenced by the attached specimens; that there has been no final decision adverse to Registrant's claim of ownership of such mark for such goods or services, or to Registrant's right to register the same or to keep the same on the register; that there is no proceeding involving said rights pending and not disposed of either in the U.S. Patent and Trademark Office or in the courts; and that all statements made of the undersigned's knowledge are true and all statements made on information and belief are believed to be true.

OFF STAGE PRODUCTIONS INC.

By: _____

Name: Pascal Imbert

Title: President

Date: 6/23/03



Case 1:04-cv-06065-JES-RLE Document 10 Filed 02/24/2005 Page 24 of 48



## UNITED STATES PATENT AND TRADEMARK OFFICE

UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND
DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE

MARCH 31, 2004

PTAS

*102546622A*

JOHN M. RANNELLS
626 NORTH THOMPSON STREET
RARITAN, NJ 08869

UNITED STATES PATENT AND TRADEMARK OFFICE
NOTICE OF RECORDATION OF ASSIGNMENT DOCUMENT

THE ENCLOSED DOCUMENT HAS BEEN RECORDED BY THE ASSIGNMENT DIVISION OF
THE U.S. PATENT AND TRADEMARK OFFICE. A COMPLETE MICROFILM COPY IS
AVAILABLE AT THE ASSIGNMENT SEARCH ROOM ON THE REEL AND FRAME NUMBER
REFERENCED BELOW.

PLEASE REVIEW ALL INFORMATION CONTAINED ON THIS NOTICE. THE
INFORMATION CONTAINED ON THIS RECORDATION NOTICE REFLECTS THE DATA
PRESENT IN THE PATENT AND TRADEMARK ASSIGNMENT SYSTEM. IF YOU SHOULD
FIND ANY ERRORS OR HAVE QUESTIONS CONCERNING THIS NOTICE, YOU MAY
CONTACT THE EMPLOYEE WHOSE NAME APPEARS ON THIS NOTICE AT 703-308-9723.
PLEASE SEND REQUEST FOR CORRECTION TO: U.S. PATENT AND TRADEMARK OFFICE,
ASSIGNMENT DIVISION, BOX ASSIGNMENTS, CG-4, 1213 JEFFERSON DAVIS HWY,
SUITE 320, WASHINGTON, D.C. 20231.

RECORDATION DATE: 08/11/2003        REEL/FRAME: 002821/0056
                                    NUMBER OF PAGES: 3

BRIEF:   ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL

ASSIGNOR:
    RE-DO, INC.                     DOC DATE: 06/23/2003
                                    CITIZENSHIP: DELAWARE
                                    ENTITY: CORPORATION

ASSIGNEE:
    OFF STAGE PRODUCTIONS INC.      CITIZENSHIP: DELAWARE
    15 EAST 26TH ST., STE. 1802     ENTITY: CORPORATION
    C/O WLODINGUER, ERK & CHANZIS
    NEW YORK, NEW YORK 10010

APPLICATION NUMBER: 74367800        FILING DATE: 03/15/1993
REGISTRATION NUMBER: 2051746        ISSUE DATE: 04/15/1997

MARK: GIPSY KINGS
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

**Exhibit B**

Int. Cls.: 9, 25 and 41

Prior U.S. Cls.: 21, 22, 23, 26, 36, 38, 39, 100, 101 and 107

Reg. No. 2,051,746

# United States Patent and Trademark Office

Registered Apr. 15, 1997

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER

## GIPSY KINGS

RE-DO, INC. (DELAWARE CORPORATION)
C/O WLODINGUER ERKS AND CHANZIS
15 EAST 26TH STREET, SUITE 1802
NEW YORK, NY 10010

FOR: PRE-RECORDED PHONO RECORDS, CASSETTE TAPES, COMPACT DISCS AND VIDEO TAPES IN THE AREA OF MUSIC, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).
FIRST USE 12-1-1986; IN COMMERCE 11-14-1988.
FOR: CLOTHING; NAMELY, T-SHIRTS, SWEATSHIRTS, VESTS, SWEATERS, JACKETS, HEADGEAR, BELTS, SCARVES, BAN-

DANNAS AND PANTS, IN CLASS 25 (U.S. CLS. 22 AND 39).
FIRST USE 12-5-1988; IN COMMERCE 12-5-1988.
FOR: ENTERTAINMENT SERVICES IN THE FORM OF CONCERTS AND LIVE MUSICAL PERFORMANCES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).
FIRST USE 12-17-1987; IN COMMERCE 7-13-1988.

SER. NO. 74-367,800, FILED 3-15-1993.

CRAIG D. TAYLOR, EXAMINING ATTORNEY

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

## COMBINED AFFIDAVIT OF USE AND INCONTESTABILITY OF A MARK
## UNDER SECTIONS 8 & 15 WITH DECLARATION AND POWER OF ATTORNEY

MARK: GIPSY KINGS
REG. NO.: 2,051,746
CLASS NOS.: 9, 25 and 41

TO THE COMMISSIONER OF PATENTS AND TRADEMARKS:

Registrant, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of this document, declares that Registrant, Off Stage Productions Inc., owns the above identified registration issued on April 15, 1997, as shown by the records of the U.S. Patent and Trademark Office; and that the mark shown therein has been in continuous use in interstate commerce for five consecutive years from the date of the registration or the date of publication under Section 12(c) to the present, on or in connection with each of the following:

Pre-recorded phono records, cassette tapes, compact discs and video tapes in the area of music in Class 9

Clothing; namely, T-shirts, sweatshirts, vests, sweaters, jackets, headgear, belts, scarves, bandannas and pants in Class 25

Entertainment services in the form of concerts and live musical performances in Class 41

which is stated in the registration; that such mark is still in use in interstate commerce; that such mark is still in use as evidenced by the attached specimens; that there has been no final decision adverse to Registrant's claim of ownership of such mark for such goods or services, or to Registrant's right to register the same or to keep the same on the register; that there is no proceeding involving said rights pending and not disposed of either in the U.S. Patent and Trademark Office or in the courts; and that all statements made of the undersigned's knowledge are true and all statements made on information and belief are believed to be true.

OFF STAGE PRODUCTIONS INC.

By: _____

Name: Pascal Imbert
Title: President

Date: 6/23/03





## UNITED STATES PATENT AND TRADEMARK OFFICE

UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND
DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE

MARCH 31, 2004                    PTAS

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
*102546622A*

JOHN M. RANNELLS
626 NORTH THOMPSON STREET
RARITAN, NJ 08869

### UNITED STATES PATENT AND TRADEMARK OFFICE
### NOTICE OF RECORDATION OF ASSIGNMENT DOCUMENT

THE ENCLOSED DOCUMENT HAS BEEN RECORDED BY THE ASSIGNMENT DIVISION OF
THE U.S. PATENT AND TRADEMARK OFFICE. A COMPLETE MICROFILM COPY IS
AVAILABLE AT THE ASSIGNMENT SEARCH ROOM ON THE REEL AND FRAME NUMBER
REFERENCED BELOW.

PLEASE REVIEW ALL INFORMATION CONTAINED ON THIS NOTICE. THE
INFORMATION CONTAINED ON THIS RECORDATION NOTICE REFLECTS THE DATA
PRESENT IN THE PATENT AND TRADEMARK ASSIGNMENT SYSTEM. IF YOU SHOULD
FIND ANY ERRORS OR HAVE QUESTIONS CONCERNING THIS NOTICE, YOU MAY
CONTACT THE EMPLOYEE WHOSE NAME APPEARS ON THIS NOTICE AT 703-308-9723.
PLEASE SEND REQUEST FOR CORRECTION TO: U.S. PATENT AND TRADEMARK OFFICE,
ASSIGNMENT DIVISION, BOX ASSIGNMENTS, CG-4, 1213 JEFFERSON DAVIS HWY,
SUITE 320, WASHINGTON, D.C. 20231.

RECORDATION DATE: 08/11/2003          REEL/FRAME: 002821/0056
                                      NUMBER OF PAGES: 3

BRIEF:  ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL

ASSIGNOR:
    RE-DO, INC.                       DOC DATE: 06/23/2003
                                      CITIZENSHIP: DELAWARE
                                      ENTITY: CORPORATION

ASSIGNEE:
    OFF STAGE PRODUCTIONS INC.        CITIZENSHIP: DELAWARE
    15 EAST 26TH ST., STE. 1802       ENTITY: CORPORATION
    C/O WLODINGUER, ERK & CHANZIS
    NEW YORK, NEW YORK 10010

APPLICATION NUMBER: 74367800          FILING DATE: 03/15/1993
REGISTRATION NUMBER: 2051746          ISSUE DATE: 04/15/1997

MARK: GIPSY KINGS
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

Case 1:04-cv-06065-JES-RLE     Document 10     Filed 02/24/2005     Page 31 of 48

002821/0056 PAGE 2


THERESA FREDERICK, EXAMINER
ASSIGNMENT DIVISION
OFFICE OF PUBLIC RECORDS

JUL-21-2004 09:49     WLODINGUER ERK CHANZIS
Case 1:04-cv-06065-JES-RLE    Document 10   Filed 02/24/2005    Page 32 of 48
212 683 4329    P.04
TO Assignments on the Web



**United States Patent and Trademark Office**

Home | Site Index | Search | Guides | Contacts | eBusiness | Biz alerts | News | Help

ssignments on the Web > **Trademark Query**

## Trademark Assignment Abstract of Title

**al Assignments: 1**

**Serial #:** 74367800    **Filing Dt:** 03/15/1993     **Reg #:** 2051746     **Reg. Dt:** 04/15/1997

**egistrant:** Re-Do, Inc.

**Mark:** GIPSY KINGS

**signment: 1**

**Reel/Frame:** 2821/0056    **Received:** 09/11/2003     **Recorded:** 08/11/2003     **Pages:** 3

**Conveyance:** ASSIGNS THE ENTIRE INTEREST

**Assignor:** RE-DO, INC.              **Exec Dt:** 06/23/2003
                                 **Entity Type:** CORPORATION
                                 **Citizenship:** DELAWARE

**Assignee:** OFF STAGE PRODUCTIONS INC.       **Entity Type:** CORPORATION
           15 EAST 26TH ST., STE. 1802         **Citizenship:** DELAWARE
           C/O WLODINGUER, ERK & CHANZIS
           NEW YORK, NEW YORK 10010

**orrespondent:** JOHN M. RANNELLS
               626 NORTH THOMPSON STREET
               RARITAN, NJ 08869

Search Results as of: 08/04/2004 12:29 PM

If you have any comments or questions concerning the data displayed, contact OPR / Assignments at 703-308-9723

| .HOME | INDEX | SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

WLODINGUER ERK CHANZIS

212 683 4329    P.05

## ASSIGNMENT OF UNITED STATES TRADEMARK
## AND REGISTRATION THEREFOR

WHEREAS, RE-DO, INC., a corporation organized under the laws of the State of Delaware, located and doing business at c/o Wlodinguer, Erk and Chanzis, 15 East 26th Street, Suite 1802, New York, New York 10010, has adopted, used and is using the following mark which is registered in the U.S. Patent and Trademark Office as follows:

| MARK | REG. NO. | ISSUE DATE |
|------|----------|------------|
| GIPSY KINGS | 2,051,746 | April 15, 1997 |

WHEREAS, OFF STAGE PRODUCTIONS INC., a corporation organized under the laws of the State of Delaware, located and doing business at c/o Wlodinguer, Erk and Chanzis, 15 East 26th Street, Suite 1802, New York, New York 10010, is desirous of acquiring said mark, the registration therefor and the goodwill associated therewith;

NOW THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, RE-DO, INC., does hereby assign unto OFF STAGE PRODUCTIONS INC., all right, title and interest in and to said mark, together with the goodwill of the business symbolized by the mark.

Dated: 6/23/03

RE-DO, INC.

By: _____
Name: Pascal Imbert
Title: Vice President

## NOTARIAL ATTESTATION

State of *NY*      )
                 ) ss:
County of *NY*    )

On this 23 day of June, 2003, before me personally appeared Pascal

Imbert, to me known and known to be the Vice President of RE-DO, INC., and he

acknowledged that he signed the foregoing Assignment on behalf of the corporation

pursuant to the authority duly received.

_____
Notary Public

6/23/03
_____
Dated

WALLIS NORWORTH
Notary Public, State of New York
No. 25-4990813
Qualified in New York County
Commission Expires 11/5/06

2

TOTAL P.06

**Exhibit C**

Int. Cls.: 9, 25 and 41

Prior U.S. Cls.: 21, 22, 23, 26, 36, 38, 39, 100, 101 and 107

Reg. No. 2,051,746

## United States Patent and Trademark Office

Registered Apr. 15, 1997

### TRADEMARK
### SERVICE MARK
### PRINCIPAL REGISTER

## GIPSY KINGS

RE-DO, INC. (DELAWARE CORPORATION)
C/O WLODINGUER ERKS AND CHANZIS
15 EAST 26TH STREET, SUITE 1802
NEW YORK, NY 10010

FOR: PRE-RECORDED PHONO RECORDS, CASSETTE TAPES, COMPACT DISCS AND VIDEO TAPES IN THE AREA OF MUSIC, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-1-1986; IN COMMERCE 11-14-1988.

FOR: CLOTHING; NAMELY, T-SHIRTS, SWEATSHIRTS, VESTS, SWEATERS, JACKETS, HEADGEAR, BELTS, SCARVES, BAN-DANNAS AND PANTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-5-1988; IN COMMERCE 12-5-1988.

FOR: ENTERTAINMENT SERVICES IN THE FORM OF CONCERTS AND LIVE MUSICAL PERFORMANCES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 12-17-1987; IN COMMERCE 7-13-1988.

SER. NO. 74-367,800. FILED 3-15-1993.

CRAIG D. TAYLOR, EXAMINING ATTORNEY

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

## COMBINED AFFIDAVIT OF USE AND INCONTESTABILITY OF A MARK
## UNDER SECTIONS 8 & 15 WITH DECLARATION AND POWER OF ATTORNEY

MARK: GIPSY KINGS
REG. NO.: 2,051,746
CLASS NOS.: 9, 25 and 41

TO THE COMMISSIONER OF PATENTS AND TRADEMARKS:

Registrant, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of this document, declares that Registrant, Off Stage Productions Inc., owns the above identified registration issued on April 15, 1997, as shown by the records of the U.S. Patent and Trademark Office; and that the mark shown therein has been in continuous use in interstate commerce for five consecutive years from the date of the registration or the date of publication under Section 12(c) to the present, on or in connection with each of the following:

Pre-recorded phono records, cassette tapes, compact discs and video tapes in the area of music in Class 9

Clothing; namely, T-shirts, sweatshirts, vests, sweaters, jackets, headgear, belts, scarves, bandannas and pants in Class 25

Entertainment services in the form of concerts and live musical performances in Class 41

which is stated in the registration; that such mark is still in use in interstate commerce; that such mark is still in use as evidenced by the attached specimens; that there has been no final decision adverse to Registrant's claim of ownership of such mark for such goods or services, or to Registrant's right to register the same or to keep the same on the register; that there is no proceeding involving said rights pending and not disposed of either in the U.S. Patent and Trademark Office or in the courts; and that all statements made of the undersigned's knowledge are true and all statements made on information and belief are believed to be true.

OFF STAGE PRODUCTIONS INC.

By: _____

Name: Pascal Imbert
Title: President

Date: 6/23/03

comb.affida

-2-

Case 1:04-cv-06065-JES-RLE Document 10 Filed 02/24/2005 Page 40 of 48



## UNITED STATES PATENT AND TRADEMARK OFFICE

UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND
DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE

MARCH 31, 2004                        PTAS

JOHN M. RANNELLS
626 NORTH THOMPSON STREET
RARITAN, NJ 08869

*102546622A*

UNITED STATES PATENT AND TRADEMARK OFFICE
NOTICE OF RECORDATION OF ASSIGNMENT DOCUMENT

THE ENCLOSED DOCUMENT HAS BEEN RECORDED BY THE ASSIGNMENT DIVISION OF
THE U.S. PATENT AND TRADEMARK OFFICE. A COMPLETE MICROFILM COPY IS
AVAILABLE AT THE ASSIGNMENT SEARCH ROOM ON THE REEL AND FRAME NUMBER
REFERENCED BELOW.

PLEASE REVIEW ALL INFORMATION CONTAINED ON THIS NOTICE. THE
INFORMATION CONTAINED ON THIS RECORDATION NOTICE REFLECTS THE DATA
PRESENT IN THE PATENT AND TRADEMARK ASSIGNMENT SYSTEM. IF YOU SHOULD
FIND ANY ERRORS OR HAVE QUESTIONS CONCERNING THIS NOTICE, YOU MAY
CONTACT THE EMPLOYEE WHOSE NAME APPEARS ON THIS NOTICE AT 703-308-9723.
PLEASE SEND REQUEST FOR CORRECTION TO: U.S. PATENT AND TRADEMARK OFFICE,
ASSIGNMENT DIVISION, BOX ASSIGNMENTS, CG-4, 1213 JEFFERSON DAVIS HWY,
SUITE 320, WASHINGTON, D.C. 20231.

RECORDATION DATE: 08/11/2003          REEL/FRAME: 002821/0056
                                      NUMBER OF PAGES: 3

BRIEF:  ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL

ASSIGNOR:
    RE-DO, INC.                       DOC DATE: 06/23/2003
                                      CITIZENSHIP: DELAWARE
                                      ENTITY: CORPORATION

ASSIGNEE:
    OFF STAGE PRODUCTIONS INC.        CITIZENSHIP: DELAWARE
    15 EAST 26TH ST., STE. 1802       ENTITY: CORPORATION
    C/O WLODINGUER, ERK & CHANZIS
    NEW YORK, NEW YORK 10010

APPLICATION NUMBER: 74367800          FILING DATE: 03/15/1993
REGISTRATION NUMBER: 2051746          ISSUE DATE: 04/15/1997

MARK: GIPSY KINGS
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

Case 1:04-cv-06065-JES-RLE    Document 10    Filed 02/24/2005    Page 41 of 48

002821/0056 PAGE 2


THERESA FREDERICK, EXAMINER
ASSIGNMENT DIVISION
OFFICE OF PUBLIC RECORDS

 **United States Patent and Trademark Office** 

Home | Site Index | Search | Guides | Contacts | eBusiness | Utlz alerts | News | Help

signments on the Web > **Trademark Query**

# Trademark Assignment Abstract of Title

**al Assignments: 1**

**Serial #:** 74367800        **Filing Dt:** 03/15/1993        **Reg #:** 2051746        **Reg. Dt:** 04/15/1997

**egistrant:** Re-Do, Inc.

**Mark:** GIPSY KINGS

**signment: 1**

**Reel/Frame:** 2821/0056        **Received:** 09/11/2003        **Recorded:** 08/11/2003        **Pages:** 3

**Conveyance:** ASSIGNS THE ENTIRE INTEREST

**Assignor:** RE-DO, INC.                                        **Exec Dt:** 06/23/2003

                                                               **Entity Type:** CORPORATION

                                                               **Citizenship:** DELAWARE

**Assignee:** OFF STAGE PRODUCTIONS INC.                         **Entity Type:** CORPORATION

            15 EAST 26TH ST., STE. 1802                          **Citizenship:** DELAWARE

            C/O WLODINGUER, ERK & CHANZIS

            NEW YORK, NEW YORK 10010

**rrespondent:** JOHN M. RANNELLS

            626 NORTH THOMPSON STREET

            RARITAN, NJ 08869

Search Results as of: 08/04/2004 12:29 PM

If you have any comments or questions concerning the data displayed, contact OPR / Assignments at 703-308-9723

| .HOME | INDEX | SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

WLODINGUER ERK CHANZIS

212 683 4329    P.05

## ASSIGNMENT OF UNITED STATES TRADEMARK
## AND REGISTRATION THEREFOR

WHEREAS, RE-DO, INC., a corporation organized under the laws of the State of Delaware, located and doing business at c/o Wlodinguer, Erk and Chanzis, 15 East 26th Street, Suite 1802, New York, New York 10010, has adopted, used and is using the following mark which is registered in the U.S. Patent and Trademark Office as follows:

| MARK | REG. NO. | ISSUE DATE |
|------|----------|------------|
| GIPSY KINGS | 2,051,746 | April 15, 1997 |

WHEREAS, OFF STAGE PRODUCTIONS INC., a corporation organized under the laws of the State of Delaware, located and doing business at c/o Wlodinguer, Erk and Chanzis, 15 East 26th Street, Suite 1802, New York, New York 10010, is desirous of acquiring said mark, the registration therefor and the goodwill associated therewith;

NOW THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, RE-DO, INC., does hereby assign unto OFF STAGE PRODUCTIONS INC., all right, title and interest in and to said mark, together with the goodwill of the business symbolized by the mark.

Dated: 6/23/03

RE-DO, INC.

By: _____

Name: Pascal Imbert
Title: Vice President

## NOTARIAL ATTESTATION

State of _MY_ )
) ss:
County of _MY_ )

On this _23_ day of June, 2003, before me personally appeared Pascal Imbert, to me known and known to be the Vice President of RE-DO, INC., and he acknowledged that he signed the foregoing Assignment on behalf of the corporation pursuant to the authority duly received.

_[signature]_
Notary Public

_6/23/03_
Dated

WALLIS NORWORTH
Notary Public, State of New York
No. 23-4990613
Qualified in New York County
Commission Expires _11/5/08_

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------------------------------x

GIPSY KINGS, INC., and NICHOLAS REYES,  :
PAUL REYES, FRANCOIS CANUTE REYES,  :
ANDRE REYES, MAURICE BALIARDO,  :
JACQUES BALIARDO, PATCHAI and TONINO  :
BALIARDO professionally known as the "GIPSY  :
KINGS",  :
  :
  :
                              Plaintiffs,  :    97 Civ. 1669 (JES)
  :
  :
        - against -  :
  :    **STIPULATION
  :    OF SETTLEMENT**
LE BISTRO MAXIMS RESTAURANT INC. d/b/a  :
LE BISTROT DE MAXIM'S, G.K.  :
PRODUCTIONS, INC., PHILLIPE BOURGUES  :
a/k/a MANOLO, JOSEPH CORTES a/k/a LITO,  :
CARLOS FRIAS, THE SOUTHHAMPTON  :
TAVERN, INC., GORDON VAN BROOCK, ERIC  :
VAN BROOCK, JOHN FLANAGAN, EURO  :
ENTERTAINMENT, INC. d/b/a M-80, M-80 and  :
DIRK VON STOCKUN,  :
  :
                              Defendants.  :
------------------------------------------------------------x

        IT IS HEREBY STIPULATED AND AGREED, by and between the

undersigned counsel of record for Plaintiffs and Defendants Phillipe Bourgues a/k/a

Manolo, Joseph Cortes a/k/a Lito and Carlos Frias that the within matter be, and hereby is,

settled as follows:

        1.   Defendants Phillipe Bourgues a/k/a Manolo, Joseph Cortes a/k/a

Lito and Carlos Frias (collectively referred to as "Defendants") agree and consent that the

Defendants, their agents, servants, employees, attorneys and all other persons in active

concert or participation with any of them are permanently restrained, enjoined and

prohibited from the date of execution of this Stipulation from:

(a) using, reproducing, advertising or promoting the Plaintiffs' name and mark in connection with the offer or sale of any goods, the rendering of any services or any commercial activities;

(b) using, reproducing, advertising or promoting any mark or name which is confusingly similar to, or a colorable imitation of Plaintiffs ' GIPSY KINGS name and mark in connection with the offer or sale of any goods, the rendering of any services or any commercial activities;

(c) using, reproducing, advertising or promoting the Plaintiffs' name and mark which may be calculated to represent or which has the effect of representing that the products or services of Defendants or any other person are sponsored by, authorized by or in some way associated with plaintiff GIPSY KINGS, INC., or the individual plaintiffs jointly professionally known as the GIPSY KINGS;

: (d) injuring the commercial reputation, renown and goodwill of GIPSY KINGS, INC. or the mark GIPSY KINGS;

(e) using or reproducing any word, term, name, symbol or device or any combination thereof, on any product or in connection with any service which confuses or falsely represents or misleads, or which has the effect or confusing, falsely representing or misleading, that the products or services or activities of Defendants or another is in some way connected with plaintiff GIPSY KINGS, INC. or is sponsored, approved or licensed by plaintiff GIPSY KINGS, INC.

(f) otherwise unfairly competing with plaintiff GIPSY KINGS, INC. or the individual plaintiffs professionally known as the GIPSY KINGS;

(g)  selling or promoting concert performance services of Defendants to be those of the "Gipsy Kings" and/or the "Gipsie Kings;"

(h)  offering the concert performance services of others to be that of the "Gipsy Kings" and/or the "Gipsie Kings;" and

(i)  performing or promoting the performance of Manolo, Lito, Frias or others as the "Gipsy Kings" and/or the "Gipsie Kings."

2.  Counsel for the respective parties shall execute a Stipulation Discontinuing the Action with Prejudice (in the form annexed hereto as Exhibit A) and the same shall be filed with the Court.  Said stipulation will not effect the rights of the co-defendants in this action as against the Defendants.

3.  The parties hereto represent and warrant that they have been fully advised by their respective attorneys concerning their rights and obligations under and pursuant to this Agreement and have been further advised by their attorneys as to the terms and effects of the Settlement.

4.  Defendants recognize that Plaintiffs have a substantial investment in the name and mark "Gipsy Kings" and that it would be difficult to measure the amount of loss which would be sustained by Plaintiffs in the event that Defendants violate the terms of the injunctive relief provided for in paragraph 1 hereof.  Accordingly, it is agreed that in the event that Defendants violate the terms of the injunctive relief provided for in paragraph 1 hereof, in addition to any equitable relief to which the Plaintiffs may be entitled (including but not limited to the right to move for civil contempt), the Defendants shall pay to Plaintiffs the sum of Fifteen Thousand ($15,000) dollars for each of such

violations, such sum constituting liquidated damages and not as a penalty.  The Defendants agree that they will be jointly and severally liable for the aforementioned payments.

     5.  Plaintiffs hereby release and hold harmless the Defendants from any liability for the acts complained of in the Amended Complaint.

     6.  This Settlement Agreement embodies the entire understanding and agreement of the parties hereto with respect to the subject matter hereof, and any and all prior correspondence, conversation, or memoranda is merged herein and replaced hereby, and this Agreement may not be modified or amended, including the exhibit hereto, except in writing signed by all parties hereto.

     7.  The respective persons executing this Stipulation of Settlement represent that they have the authority to execute the same on behalf of the parties hereto.

Dated: New York, New York
    ~~February 11,~~ 1998
    March 6.

          GOODKIND LABATON RUDOFF
           & SUCHAROW LLP

           _____
        By:  Brian D. Caplan (BC-1713)
        Attorneys for Plaintiffs
        100 Park Avenue
        New York, New York  10017
        (212) 907-0700

        MARLENE CASSIDY, ESQ.

        _____
SO ORDERED     By:   Marlene Cassidy
        Attorney for Defendant Phillipe Bourgues,
_____  Joseph Cortes and Carlos Frias
U.S.D.J.        380 B Greenwich Street
  3 - 25 - 97  New York, New York  10013
        ~~(718) 479-9107~~
        (212) 233-0352

153056.1
02/11/98;11:00            - 4 -