UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | |
|---|---|
| OFF STAGE PRODUCTIONS, INC., GIPSY KINGS, INC. and NICHOLAS REYES, PAUL REYES, FRANCOIS CANUTE REYES, ANDRE REYES, MAURICE BALIARDO, JACQUES BALIARDO, and TONINO BALIARDO professionally known as the "GIPSY KINGS", | Docket No.: 04 CV 06065 (JES) |
| Plaintiffs, | **ANSWER and AFFIRMATIVE DEFENSES OF DEFENDANT VERY, LTD.** |
| -against- | **d/b/a LE JAZZ AU BAR TO AMENDED COMPLAINT** |
| PHILLIPE BOURGUES a/k/a MANOLO, JOSEPH CORTES a/k/a LITO, VERY , Ltd. d/b/a LE JAZZ AUBAR, EX REPLAY, INC d/b/a CIAO, | |
| Defendant. | |

------------------------------------------------------------------------x

Defendant, Very Ltd. d/b/a Le Jazz Au Bar (hereinafter "Defendant"), by its attorney Barry A. Wadler answers the Amended Complaint as follows:

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6. Defendant admits the allegations of paragraph 6 of the Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9. Defendant denies the allegations of paragraph 9, except admit that the action arises under the Lanham Act.

10. Defendant denies the allegations of paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 18.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19(a) and (b) and deny the allegations of paragraph 19(c) and (d).

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

21. Defendant denies the allegations of paragraph 21.

22. Defendant denies the allegations of paragraph 22.

23. Defendant incorporates by reference the responses to all preceding paragraphs.

24. Defendant denies the allegations of paragraph 24 except admit that the claim arises under the Lanham Act.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30. Defendant denies the allegations of paragraph 30.

31. Defendant denies the allegations of paragraph 31.

32. Defendant incorporates by reference the responses to all preceding paragraphs.

33. Defendant admit that the action arises under the Lanham Act.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

36. Defendant denies the allegations of paragraph 36.

37. Defendant denies the allegations of paragraph 37.

38. Defendant denies the allegations of paragraph 38.

39. Defendant incorporates by reference the responses to all preceding paragraphs.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45.

46. Defendant denies the allegations of paragraph 46.

47. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47.

48. Defendant incorporates by reference the responses to all preceding paragraphs.

49. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49.

50. Defendant denies the allegations of paragraph 50.

51. Defendant denies the allegations of paragraph 51.

52. Defendant incorporates by reference the responses to all preceding paragraphs.

53. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53.

54. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54.

55. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55.

56. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56.

57. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57.

58. Defendant incorporates by reference the responses to all preceding paragraphs.

59. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59.

60. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60.

61. Defendant denies the allegations of paragraph 61.

62. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 62.

## FIRST AFFIRMATIVE DEFENSE

1. To the extent that the Defendant may have used the name or term "Gypsy Kings", said use was accidental, inadvertent and unintentional, was used only for a short period of time (less than two (2) days) and was discontinued immediately as soon as it was brought to Defendant's attention that such use may have been in violation of the rights of any third parties.

2. By reason of the foregoing any alleged wrongful conduct on the part of the Defendant did not cause harm to plaintiffs or such harm was de minimis.

## SECOND AFFIRMATIVE DEFENSE

1. Defendant offered to enter into a consent injunction with plaintiffs prohibiting any future unauthorized use of the name Gypsy Kings by Defendants.

2. Plaintiffs declined or did not accept Defendant's offer.

3. By reason of the foregoing, plaintiffs are engaging in frivolous and unnecessary litigation.

## REQUEST FOR JURY TRIAL

The Defendant request a trial by jury on all issues so triable as of right by a jury.

WHEREFORE Defendant, Very, Ltd. d/b/a Le Jazz Au Bar demands judgment dismissing the complaint together with costs and disbursements and attorneys fees.

Dated: December 23, 2004

                                             S/   Barry A. Wadler  
                                             Barry A. Wadler (BW5495)  
                                             Attorney for Defendant  
                                             Very, Ltd d/b/a Le Jazz Au Bar  
                                             630 Third Avenue - 7th Floor  
                                             New York, NY 10017-6705  
                                             (212) 687-5911

TO: Goodkind Labaton Rudolff & Sucharow, LLP
      Attorneys for Plaintiffs
      100 Park Avenue
      New York, NY 10017
      (212) 907-0700

## CERTIFICATION OF SERVICE

      I hereby certify that the within Answer and Affirmative Defenses of the Defendant, Very, Ltd. d/b/a Le Jazz Au Bar, was served by regular mail on December 23, 2004 on the following:

Goodkind Labaton Rudolff & Sucharow, LLP
100 Park Avenue
New York, NY 10017


                                             s/     Barry A. Wadler
                                             Barry A. Wadler (BW5495)


Dated: December 23, 2004


A:\Off Stage Answer to Amended Complaint.wpd