UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
OFF STAGE PRODUCTIONS, INC., GIPSY KINGS,
INC. and NICHOLAS REYES, PAUL REYES,
FRANCOIS CANUTE REYES, ANDRE REYES,
MAURICE BALIARDO, JACQUES BALIARDO,
and TONINO BALIARDO professionally known
as the "GIPSY KINGS",

                                                      Docket No.: 04 CV 06065 (JES)

               Plaintiffs,

-against-

PHILLIPE BOURGUES a/k/a MANOLO, JOSEPH
CORTES a/k/a LITO, VERY, LTD. d/b/a LE JAZZ
AUBAR, EX REPLAY INC. d/b/a CIAO

               Defendant.
----------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO WITHDRAW AS ATTORNEY OF RECORD
FOR DEFENDANT VERY, LTD.**

This Memorandum of Law is respectfully submitted in support of this motion by Barry A. Wadler, ("Wadler") attorney of record for defendant Very, Ltd. d/b/a Le Jazz Au Bar ("VERY").

This motion is brought pursuant to Rule 1.4 of the Local Federal Rules of Civil Procedure which states:

> **Withdrawal or Displacement of Attorney of Record.** An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

It is necessary and appropriate that Wadler withdraw as attorney of record for two reasons: 1) he has not been paid and has there is no reasonable expectation that he will be paid

for his services in the future, and, 2) he has been discharged by his client from all responsibility in this matter. See the Affidavit of Barry A. Wadler sworn to the 5th day of June, 2006 (the "Wadler Affidavit") at paragraph 10.

Disciplinary Rule 2-110 of the Code of Professional Responsibility (22 NYCRR 1200.15) provides that:

> (b) Mandatory withdrawal. A lawyer representing a client before a tribunal, with its permission if required by its rules, shall withdraw from employment, and a lawyer representing a client in other matters shall withdraw from employment, if: (4) The lawyer is discharged by his or her client.
>
> (c) Permissive withdrawal . . . a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
>
> 1. The client:
> vi. Deliberately disregards an agreement or obligation to the lawyer as to expenses or fees.

The facts here are similar to those in *Allstate Ins. Co. v. Nandi,* 258 F.Supp.2d 309 at 311 (SDNY, 2003) where the court explained,

> As Courts within this district have held, "[w]hile Local Rule 1.4 requires a court order to withdraw, when counsel has been discharged--and agreed to the termination--the order to withdraw should issue except under the most compelling circumstances." *Casper v. Lew Lieberbaum & Company, Inc.*, 1999 WL 335334 *4 (S.D.N.Y.1999). Further, the New York Code of Professional Responsibility mandates that an attorney withdraw if he or she has been discharged by the client. See 22 NYCRR 1200.15(b)(4). It is undisputed that Cohan discharged movants. Movants also allege that there has been material differences between Cohan and the movants regarding "strategic and tactical issues bearing on the defense of this case." See Cooper Aff. at ¶ 3. Therefore, pursuant to Local Rule 1.4, the Court Orders that movants be withdrawn as attorneys of record for Cohan.

See, also, *Cower v. Albany Law School of Union University*, 2005 WL 1606057, *5 (U.S.D.C. S.D.N.Y., 2005) where the court said,

It is well settled that nonpayment of fees is a legitimate ground for granting counsel's motion to withdraw. E.g., *Emile v. Browner*, 95 Civ. 3836, 1996 U.S. Dist. LEXIS 18654, *2-*3, 1996 WL 724715 at *1 (S.D.N.Y. Dec. 17, 1996) ("When a client fails to pay legal fees, fails to communicate or cooperate with) the attorney, ... these are more than sufficient reasons for counsel to be relieved."); *Allstate Insurance Co. v. Administratia Asigurarilor de Stat*, 86 Civ. 2365, 1993 U.S. Dist. LEXIS 4853, 1993 WL 119708, at *1, *2 (S.D.N.Y. Apr. 15, 1993).

The Court has jurisdiction over this matter. The automatic stay under Bankruptcy Code §362 which went into effect when VERY filed in Chapter 11 has been vacated by reason of the dismissal of the Chapter 11 proceeding (see Exhibit B to the Wadler Affidavit).

The automatic stay is activated immediately on the filing of a voluntary chapter 11 petition under Bankruptcy Code § 301, and remains in effect either until the entry of an order under Bankruptcy Code § 362(c)(2), granting or denying a discharge or closing or dismissing the chapter 11 case…
  *I.C.C. v. Holmes Transp., Inc.*, 931 F.2d 984 at 987 (1st Cir., 1991)

See, also, *In re Smith,* 192 B.R. 397 at 399 (Bkcy. Ct. WD PA, 1996) ("The automatic stay remains in effect until a case is closed or dismissed, or a discharge is entered or denied..")

## CONCLUSION

This motion for leave to withdraw as attorney of record for VERY should be granted.

            Respectfully submitted,

            ___/S/_____
            Barry A. Wadler (BW5495)
            Attorney for Defendant Very, Ltd.
            630 Third Avenue
            New York, NY 10017
            (212)687-5911